OPINION *Page 2 
{¶ 1} On April 10, 2004, appellant, Donald Hines, was injured in an automobile accident caused by the negligence of appellee, Anita Stockdale. At the time of the accident, appellant was insured under an automobile liability policy with uninsured/underinsured coverage issued by appellee, State Farm Insurance Company.
 {¶ 2} On April 7, 2006, appellant filed a complaint against appellees stemming from the accident (Case No. 06CVC04331). On April 30, 2007, the case was dismissed for failure of service. On September 27, 2007, appellant re-filed the complaint pursuant to the Savings Statute, R.C. 2305.19.
 {¶ 3} On October 24, 2007, appellee Stockdale filed a motion to dismiss, claiming a violation of the statute of limitations. By judgment entry filed November 16, 2007, the trial court granted the motion and dismissed the complaint against appellee Stockdale.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT DID NOT PROPERLY APPLY OHIO LAW WITH REGARD TO THE `SAVINGS STATUTE' R.C. § 2305.19 IN DISMISSING PLAINTIFF'S COMPLAINT."
 {¶ 6} Before addressing the merits of appellant's arguments, we note when jurisdiction appears unclear, a court of appeals should raise the issue sua sponte. In re Estate of Geanangel, 147 Ohio App.3d 131,2002-Ohio-850. Thus, we shall first consider whether this court has jurisdiction over appellant's appeal. *Page 3 
 {¶ 7} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 8} To be final and appealable, an order must comply with R.C. 2505.02 and Civ. R. 54(B), if applicable. R.C. 2505.02(B) provides the following in pertinent part:
 {¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 12} Civ. R. 54(B) provides:
 {¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any *Page 4 
time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 14} In the case sub judice, the trial court dismissed the complaint against appellee Stockdale only, and did not include Civ. R. 54(B) language. The complaint is still pending against appellee State Farm. As such, there is no final appealable order pursuant to R.C. 2505.02(B). Because there is no final appealable order, this court does not have jurisdiction to entertain appellant's appeal.
 {¶ 15} The appeal is dismissed. By Farmer, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. *Page 1